# UNITED STATES

*v.*

# MANUEL CERECEDO ET AL.

San Juan, Criminal, No. 553.

ON OBJECTION TO EVIDENCE.

Constitutional Law—Bill of Rights.
    1. The Bill of Rights in the first Amendments to the Constitution applies to Porto Rico.

Same—Porto Ricans.
    2. Personal rights secured by these Amendments apply to Porto Ricans. For the purposes of the Bill of Rights, Porto Ricans are Americans.

Evidence—Source.
    3. Upon seasonable application the court will order the return to a defendant of papers improperly seized, but will not stop in the course of a trial to inquire into the source of evidence offered. At such time all that can be determined is whether the evidence is competent, relevant, or material.

Opinion filed March 18, 1914.

*Mr. W. N. Landers,* United States attorney, for the government.

*Mr. Martin Travieso, Jr.,* for defendants.

United States v. Cerecedo.

HAMILTON, Judge, delivered the following opinion:

This paper seems to have been acquired under a search warrant in a search of the house of another of the defendants. This was not the one as to which the issue came up yesterday, but the only difference between the two cases is that the defendant whom I passed on yesterday was a Spaniard, and the defendant to whom this search warrant applies to-day is a Porto Rican. There would seem to be no real difference in the two cases, and I will hold as I did yesterday. And I would like it to be understood, as far as my voice can go or any report of this proceeding can go, that I hold these propositions:

1. In the first place, that the Constitution of the United States applies to Porto Rico. That Congress has so applied it by the organic act, except as to certain particulars which are not locally applicable, and certain regulations which have to be provided for later. But the Bill of Rights, the first eight Amendments to the Constitution, do apply in the fullest degree to Porto Rico. Hawaii v. Mankichi, 190 U. S. 197, 47 L. ed. 1016, 23 Sup. Ct. Rep. 787, 12 Am. Crim. Rep. 465.

2. In the second place, that under article 11 of the treaty of Paris, the personal rights secured by those Amendments apply to Spaniards in Porto Rico just as fully as they do to Americans; and now to-day I decide further that those Amendments apply in the fullest degree also to Porto Ricans; that for the purposes of the Bill of Rights they are Americans.

3. I probably could go further, but that is all that it is necessary to decide now. Those Amendments applying, I hold, as I did yesterday, that papers will, upon proper application in a proper case, be ordered returned by this court trying the

United States v. Cerecedo.

case, if the papers were improperly seized. That under the 4th Amendment there can be no unreasonable search, either by this court or by any court, and that papers which are seized in an unreasonable search will be ordered returned. And under the 5th Amendment, that letters or papers written by the defendant himself will not be used to criminate him. This application, however, must be seasonably made, and what is a seasonable application is a matter of procedure, and not a constitutional right. The return of such papers must be applied for before beginning the main case; otherwise it will require the court to stop the trial of one case in order to determine a collateral issue; and there would be no end to such a procedure. It has been so held by the Supreme Court of the United States in the Adams Case and in the Weeks Case. So that the application now made for the return of these papers comes too late for the purposes of this trial; but such application, if made by a petition in a separate proceeding, will be fully and carefully heard, and, if it seems to be a proper application, all such papers will be returned. The court cannot stop now to inquire into the source of the government's evidence. All it can determine is whether that evidence is germane or competent for the purpose for which it is introduced. If that is true, the evidence will be introduced, and the defendants left to their remedy in some other proceeding in order to get back any papers which they can properly get back. The question now is simply a matter of competency of evidence. If the paper is not relevant, of course it will not be admitted. However, it is competent, and the objection will be overruled. Adams v. New York, 192 U. S. 585, 48 L. ed. 575, 24 Sup. Ct. Rep. 372; Weeks v. United States (Feb. 24, 1914) 232 U. S. 383, 58 L. ed. 652, 34 Sup. Ct. Rep. 341.